IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER S. MILAM,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:16-6002

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 18).[1] For the following reasons, Plaintiff's Motion is **DENIED**.[2]

**I.    Background**

Mr. Christopher S. Milam filed the instant action on July 5, 2016 to challenge the redetermination process conducted by Defendant that led to his termination of disability benefits. *See Compl.*, ECF No. 1, at ¶ 5. Milam was awarded the benefits in 2010 by Administrative Law Judge (ALJ) David B. Daugherty[3] after seeking assistance from Attorney Eric Conn. *Id.* at ¶ 15. Conn has since been investigated by the Social Security Administration (SSA) for fraudulent

---

[1] Although Defendant filed a Response to Plaintiff's Motion (ECF No. 23), Plaintiff did not file a Reply.

[2] The instant case was transferred to this Court by Judge Thomas E. Johnston on January 17, 2017. ECF No. 24.

[3] Although Plaintiff's complaint does not identify the ALJ awarding benefits, the Court recognizes that ALJ Daugherty has been criminally indicted for his alleged actions involved in this matter. *See Robertson v. Colvin*, Civ. No. 3:16-2113, 2016 WL 3406134, at *1 (S.D.W. Va. June 17, 2016) (citing ALJ Daugherty as part of the investigation).

activity involving many of his clients. *Id.* at ¶ 2. In June of 2015, Milam received a letter from the SSA explaining that his benefits would be suspended because his file contained evidence from Dr. Frederic Huffnagle. *Id.* at ¶ 18. Dr. Huffnagle is one of the doctors alleged to be involved in the fraudulent scheme. On August 25, 2015, the SSA notified Milam that there was insufficient evidence to support the ALJ's prior decision to issue benefits, so the SSA was going to remand the case to a new ALJ for a new decision. *Def.'s Mem. in Opp.*, ECF No. 23, at 6 (citing *Decl. of Carmine J. Borrelli*, ECF No. 14-1). The new ALJ conducted a video hearing on December 22, 2015 with Milam and Milam's attorney representative. *Id.* The ALJ considered the evidence on redetermination and found that there was insufficient evidence to support disability benefits. *Id.* On May 8, 2016, Milam received a letter from the SSA stating that the Appeals Council denied review and that the ALJ's decision denying Milam's disability benefits would stand. *Pl.'s Compl.*, ECF No. 1, at ¶ 19.

Plaintiff's instant motion moves the Court to grant a preliminary injunction in favor of Plaintiff, requesting that the Court "preserv[e] the status quo for Mr. Milam until the legality of the Defendant's actions in this case of first impression are determined." *See Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 18, at 3.

## II.     Standard for Injunctive Relief

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendent lite* of the type available after the trial." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated*, 130 S. Ct. 2371 (2010), *reinstated in part*, 607 F.3d 355 (4th Cir. 2010). "Granting the ultimate relief requested, even temporarily, at an early point in the case, often prior to the issues even being joined in the pleadings, seems rightly reserved for only the most compelling of cases." *Dewhurst v. Century*

*Aluminum Co.*, 731 F. Supp. 2d 506, 514 (S.D.W. Va. 2010). In order to obtain a preliminary injunction, a party must establish four elements: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As such, the party seeking to obtain a preliminary injunction "must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." *Dewhurst*, 731 F. Supp. 2d at 515 (internal citations omitted).

### III. Discussion

The Court first notes that this action involves the same procedural challenges as another case before this Court. *See Robertson v. Colvin*, 3:16-cv-3846 (S.D.W. Va.). The original *Robertson* case similarly brought a motion for preliminary injunction that this Court denied. *See Robertson v. Colvin*, Civ. No. 3:16-2113, 2016 WL 3406134 (S.D.W. Va. June 17, 2016). Although the Court has reviewed the instant case separately, the Court reaffirms its decision in *Robertson* here.

Milam presents numerous reasons as to why his case is likely to succeed on the merits to justify a preliminary injunction. *See Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 18, at 5-16. These arguments center around Milam's causes of action, alleging that the SSA violated the Due Process Clause of the Constitution, the Administrative Procedure Act (APA), and the Social Security Act (the Act) with its redetermination process outlined in 42. U.S.C. § 405(u). *Id.* Although Milam provides a thorough explanation as to his future success on the merits, the Court finds that Milam has not satisfied his burden required for a preliminary injunction. As previously stated, preliminary injunctions are extraordinary remedies reserved for only those cases meeting the high standard. To succeed, a plaintiff needs to make a clear showing that the case is likely to

succeed on the merits. The Court has conducted a lengthy review of the challenged statute and finds that Milam cannot meet this burden of persuasion. The burden of persuasion is different for a preliminary injunction than at other points of litigation, and the Court does not reach the merits of any of Milam's claims at this juncture.

Regarding Milam's due process claim, the Court finds that Milam has not made a clear showing of success. Milam's due process claim centers around the inability to challenge the excluded evidence previously contained within his disability file. *See Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 28, at 5. As the statute prevents the SSA from looking at evidence if there is reason to believe that fraud was involved—a determination Congress assigned to the Office of Inspector General (OIG)—the ALJ followed the statutory mandate to disregard evidence from Dr. Huffnagle. *See* 42. U.S.C. § 405(u). The Court notes that Milam had the opportunity to appear before a neutral decision-maker and present new evidence of his disability during the redetermination process. Whether Milam's inability to challenge the exclusion of evidence prevents a meaningful hearing under the Due Process Clause will be decided on the merits by the Court at a later time. However, the Court finds that the exclusion of evidence believed to be containing fraud does not clearly prevent a meaningful hearing. Therefore, Milam has not satisfied his burden to make a clear showing of success on the due process claim.

Further, regarding the APA claim, the preliminary injunction burden has not been met. Milam argues that the redetermination process should be considered a formal adjudication under the APA and thus should adhere to those regulations. *Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 28, at 7. According to Milam, the OIG's referral, moreover, directs the SSA in a way that further violates the APA. *Id.* at 8. Formal adjudications are limited to those required by statute to be on record. *See* 5 U.S.C. § 554(a). As the redetermination statute does not have such

language, the Court will not consider the redetermination hearings as formal adjudications at this time. The Court also doubts that the OIG's involvement goes so far as to direct the SSA to any specific outcome in violation of 5 U.S.C. § 554(d). Rather, the OIG's referral merely triggers the SSA's redetermination process in which the SSA exclusively determines whether disability benefits should be terminated. Thus, Milam has not provided a clear showing of success on the APA claim.

Lastly, the alleged violations of the Act do not justify a preliminary injunction at this time. Milam provides a timeline of events to challenge the immediacy of the SSA's actions in the redetermination process. *Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 28, at 11-13. Reading the statutes regarding redetermination together, the statute dictates that the OIG referral triggers the redetermination process. *See* 42 U.S.C. § 405(u); 42 U.S.C. § 1320a-8(1). Here, the OIG referral occurred less than a week before the notices went out to the individual claimants. *Pl.'s Mot. & Mem. of Law in Supp.*, ECF No. 28, at 13. The trigger is the referral itself and not when the alleged fraud was originally suspected or even established. Moreover, there is nothing in the statute that mentions whether the immediacy requirement would bar the redetermination process. As the SSA can review disability benefits if believed to be granted by fraud at any time, the Court finds that the immediacy challenge does not meet the necessary burden to grant a preliminary injunction. *See* 20 C.F.R. § 404.988(c)(1).

Although Milam's arguments will be considered in full during the motion to dismiss phase of this litigation, at which point the Court notes a different standard of review applies, Milam's arguments in the instant motion do not satisfy the burden for a preliminary injunction. Milam has not made a clear showing of success on the merits for violations of the Due Process Clause, the

APA, or the Act. Preliminary injunctions are reserved for the most compelling cases, and the Court is not satisfied that one is required here.

### IV. Conclusion

Accordingly, Plaintiff Milam's Motion for Preliminary Injunction (ECF No. 18) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 10, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE